UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN KEITH SCOTT (#328025)              CIVIL ACTION

VERSUS

BURL CAIN              NO. 11-0382-JJB-DLD

## ORDER

This matter comes before the Court on the plaintiff's Motion for Preliminary Injunction, rec.doc.no. 5.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, complaining that his constitutional rights have been violated by the prison's requirement that he be given a shave and haircut by a co-inmate barber and that he be issued an incident report in the event that he refuses.

In the instant motion, the plaintiff asserts that he is being retaliated against by prison officials for the filing of the instant lawsuit. He asserts that the defendants have taken his property, have issued him one or more incident reports, and have delayed the progress of his administrative grievances. He prays for a transfer to a different institution.

In order to establish entitlement to injunctive relief, the plaintiff must satisfy four elements warranting such relief: (1) irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). The Court concludes that the plaintiff has not met his burden in this regard. Whereas he alleges that he has been exposed to certain deprivations and harassment, there is no suggestion that the treatment alleged, if it in fact has occurred as contended by the plaintiff, has resulted in irreparable injury or is likely to do so in the future. Further, the plaintiff is not entitled to the requested transfer because the law is well-settled that inmates have no justifiable expectation that they will be incarcerated at

any particular prison within a state. Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The decision to transfer state prisoners to other institutions within the state is entirely within the discretion of prison officials, and the Court will not intervene in the making of such determinations. Moreover, this Court does not have jurisdiction in the nature of mandamus to compel state officers or employees to perform duties allegedly owed to the plaintiff, as for example, compelling the warden to transfer the plaintiff to a different institution. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D. Mont. 1986); 28 U.S.C. § 1361. Accordingly, the plaintiff's request for injunctive relief shall be denied.

**IT IS ORDERED** that the plaintiff's Motion for Preliminary Injunction, rec.doc.no. 5, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this 15th day of August, 2011.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE